# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**HESSMORGANHOUSE, LLC, d/b/a HMH CONSULTING**,

    Plaintiff,

v.

**THE KINGDOM GROUP OF COMPANIES, LLC, d/b/a THE KINGDOM GROUP**,

    Defendant.

Civil Action No. 7:17-CV-130 (HL)

## ORDER

Before the Court is the motion of Defendant The Kingdom Group of Companies, LLC, d/b/a The Kingdom Group, to set aside the default judgment entered on October 12, 2017. (Doc. 8). Defendant argues that the default judgment is void because Plaintiff Hessmorganhouse, LLC, d/b/a HMH Consulting, did not properly serve Defendant. Alternatively, Defendant argues that it is entitled to relief from the judgment because Plaintiff failed to provide Defendant notice of the default proceedings and because the entry of default was the result of excusable neglect. After review of the pleadings and the documents submitted by the parties, and with the benefit of oral argument, the Court finds that service was insufficient and vacates the default judgment.[1]

---

[1] Because the Court concludes that Defendant was not properly served, the Court does not reach Defendant's remaining arguments.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this breach of contract lawsuit against Defendant on July 17, 2017, alleging that Defendant is indebted to Plaintiff in the amount of $113,818.00 plus interest, costs, and attorney's fees. (Doc. 1). On July 24, 2017, Plaintiff filed an executed Proof of Service form, indicating that on July 19, 2017, Plaintiff served Defendant by delivering a copy of the Summons and Complaint to Hannah Miller, who the process server represented was authorized to accept service on behalf of Defendant. (Doc. 4, p. 2). The process server attached an addendum to the service form in which he explained the events that transpired on the date of alleged service. (Doc. 4, p. 3).

The process server indicated that when he arrived at Defendant's place of business, he was greeted by a woman by the name of Erin Folsom. (Id.). He advised Ms. Folsom that he was there to serve a lawsuit on Zachary Lewis, Defendant's registered agent. (Id.). Ms. Folsom stated that Mr. Lewis was not available, at which point the process server requested to speak with someone who could accept service on behalf of Defendant. (Id.). Ms. Folsom left the front of the office and returned with Hannah Miller. (Id.). Ms. Miller explained that she could not accept service without authorization from her employer. (Id.). She then contacted Mr. Lewis by cell phone. (Id.). The process server and Mr. Lewis exchanged words. (Id.). Eventually Mr. Lewis instructed the process server to "do what you need to do and get out of my office." (Id.). The process server

interpreted this statement as granting authority to Hannah Miller to accept service. (Id.). He then placed the documents on the desk in front of Ms. Miller and departed. (Id.).

Defendant failed to respond to Plaintiff's Complaint. Accordingly, on August 11, 2017, Plaintiff filed an Application for Entry of Default. (Doc. 6). The Clerk of Court entered default that same date. Plaintiff filed a Motion for Default Judgment (Doc. 7) on August 17, 2017, which this Court granted on October 2, 2017 (Doc. 8). Defendant filed the present Motion to Set Aside Default Judgment (Doc. 10) on November 14, 2017, arguing that the judgment was void because Hannah Miller was not authorized to accept service on behalf of Defendant.

## II. DISCUSSION

The Court may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Federal Rule of Civil Procedure 60(b)(4) provides that a court may relieve a party from a final judgment when a judgment is void. Insufficient service "implicates personal jurisdiction and due process concerns;" therefore, "where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re Worldwide Web Systems, Inc., 232 F.3d 1291, 1299 (11th Cir. 2003) (citing Varnes v. Local 91, Glass Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982) (finding a judgment void under Rule 60(b)(4) where the defendant was not properly served)). "The burden of proof in a Rule 60(b)(4) motion rests with the defendant." Id. at 1298-99.

Pursuant to Rule 4(h), service on a corporation may be accomplished "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service on a corporation may also be made in accordance with the state law in which the district court is located, which in this case is Georgia. Fed. R. Civ. P. 4(e)(1) and (h)(1)(A). Under Georgia law, service on a corporation is to be directed "to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof." O.C.G.A. § 9-11-4(e)(1)(A).

It is undisputed that Zach Lewis is both Defendant's President and registered agent. (Doc. 10-1, ¶ 1). It is further undisputed that Plaintiff did not serve Mr. Lewis. Rather the question is (1) whether Hannah Miller held a managerial position that would otherwise authorize her to accept service; or (2) whether Zach Lewis conferred authority upon Ms. Miller to receive service in his absence. Defendant represents that Hannah Miller served as an administrative assistant to Nick Lewis, Defendant's Vice President, and that her primary responsibilities were secretarial and administrative in nature. (Id. at ¶ 3; Doc. 13-1, ¶ 4). Plaintiff, however, submits that Ms. Miller's responsibilities extended beyond merely secretarial, as suggested by her title of Brokerage and Marketing Services Representative.

While an employee need not be an officer of a corporation in order to accept service, "if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization." Murray v. Sloan Paper Co., 212 Ga. App. 648, 649 (1994) (quoting Whatley's Interiors v. Anderson, 176 Ga. App. 406(2) (1985)) (quotation marks omitted). Additionally, the employee's position must "be such as to afford reasonable assurance that [she] will inform [her] corporate principal that such process has been served upon him." Id. (quotation marks omitted).

Defendant disputes that Hannah Miller held any managerial role.[2] Despite any title that may be conferred upon Ms. Miller beyond that of administrative assistant, it is clear that even she did not believe that she had the authority to receive service on behalf of Defendant. She specifically informed the process server that she could not accept service without first obtaining permission from Zach Lewis. The Court is further unpersuaded that Mr. Lewis' statement to the process server that he "do what you need to do and get out of my office" was sufficient to confer authority upon Ms. Miller. In the absence of such authority, service was invalid, and the default judgment must be set aside.

---

[2] Defendant points out that Ms. Miller was a brokerage and marketing agent for a separate, but related entity, that operated out of the same office under the name Kingdom Insurance Group, LLC. She did not hold the position for this Defendant.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Set Aside Default Judgment (Doc. 10). The default judgment entered on October 2, 2017 (Doc. 8) is hereby vacated.

**SO ORDERED** this 20th day of February, 2018.

<u>*s/ Hugh Lawson*</u>
**HUGH LAWSON, SENIOR JUDGE**

aks